| 58 | 186 |
| 78 | 405 |

JOHN L. HUDSON, ADMINISTRATOR, ET AL. *v.* W. M. STRICK-
LAND ET AL.

1. GUARDIAN AND WARD. *Agreement as to commissions. When enforced.*
   An agreement between a guardian on the one side and his female ward and her husband on the other, fixing the amount of commissions due the former,

with a view to a final settlement of the guardianship, may be enforced against the ward, though made during her minority, if such amount be within the limit prescribed by the statute, and it be not shown that the agreement was obtained by imposition.

2. SAME. *Claim for commissions surrendered. Right thereto not lost.*

If, upon such agreement, the guardian, in his final settlement, surrenders his claim for an allowance of his commissions by the court, and gives the same as part of the consideration for land purchased by him from his ward, and the purchase be set aside on account of the minority of the ward, it is proper for the court cancelling the conveyance, it being the same court in which the final settlement of guardianship was made, to allow the guardian such commissions as may be proper.

3. SAME. *Conveyance set aside. Account of rents and improvements.*

Where a deed of partition has been set aside, upon a bill filed by the grantor, on the ground of minority, and an account is ordered to be taken between such grantor and the grantee, who owns the interest of two other heirs to the land, it is proper for the latter to be charged with rents of the property after the date of his purchase thereof, and to be allowed in full for all improvements made thereon before the filing of the bill against him, and, after such filing, for expenditures and improvements in the nature of necessary repairs in full, and for additions to the property to the extent only that they enhance its price.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

The case is stated in the opinion of the court.

*Featherston & Harris*, for the appellants.

1. A guardian's commissions, under the Constitution and laws of the State, could only be allowed and fixed in amount formerly by the Probate Court, and, since the adoption of the present Constitution, by the Chancery Court; and this item of $2,300 was never allowed by either tribunal. Rev. Code 1857, p. 462, sect. 148; Code 1871, sect. 1218; *Ratliff* v. *Davis*, 9 Geo. 110–112. In the case of *Ratliff* v. *Davis*, the court say "he cannot claim an allowance [discussing the question of commissions where they had not been allowed by the court] except upon such settlement [with the court], and that he has failed to make." "And it would be contrary to all principle, and contrary to the established law upon the subject, to transfer the question of commissions from the Probate Court to another tribunal, intimately connected as it is with the settlement of the whole estate." 9 Geo. 112. "All

that the guardian had to do to get the benefit of anything which might be due him on the guardianship account was to proceed promptly to settle his account in that court; which, if he had done his duty, might have been speedily done, and then he could have had the benefit of settlement as a defence to the bill in this case." 9 Geo. 110. The settlement of a guardian's accounts, as well as the amount of his commissions, cannot be withdrawn from the Probate Court and transfered to the Chancery Court. *Ratliff* v. *Davis*, 9 Geo. 112, 113; *Searles* v. *Scott*, 14 Smed. & M. 94; *Neylans* v. *Burge*, 14 Smed. & M. 102.

A guardian's claim for commissions can never be presented and allowed in a regular chancery suit in which a bill has been filed to set aside a fraudulent settlement, as in the present case. The precise point in this case arose in the case of *Ratliff* v. *Davis*, and the cases there cited, and was settled in our favor. It is not pretended that Strickland's claim for commissions, amounting to $2,300, was ever presented and allowed, either by the Probate or Chancery Court; but it is claimed, and was allowed by the commissioner, on an outside, independent, and illegal agreement between the guardian and his wards.

2. The exception to the allowance of $953.39 by the commissioner, for improvements made by Strickland on the house and lot in Holly Springs, should have been sustained. The greater part of these improvements was made by Strickland after the bill was filed in this case. Very little of this sum is for repairs to the residence, but for fences, gates, enclosures, green-houses, tenant-houses, stables, porches to residence, cellars, well-houses, coal-houses, chicken-coops, dog and tool houses, barn and shed, cow-stables, fruit-trees, hedges, brick pavements, magnolia trees, lightning-rods, holly trees, pine trees, cedars, cisterns, etc. This sum of $953.39 was allowed by the commissioner against the children of Mrs. Hudson, as their one-third of the burden imposed upon the property by improvements alleged to have been made by Strick-

land as one of the tenants in common.   It is not pretended that these improvements — for they were not repairs to the residence — were made with the consent, or by agreement with the other tenants, the heirs of Mrs. Hudson or of Mrs. Strickland, but by Strickland on his own volition.   He was also a co-tenant, having bought out M. H. Thomson's interest at bankrupt sale.   Can Strickland recover for these improvements against the heirs of Mrs. Hudson?   Could the commissioner, in taking and stating his account under the decree of the court, charge the children of Mrs. Hudson with this bill of $953.39 ?

These parties — Strickland, holding under Thomson, the children of Mrs. Hudson, and the children of Mrs. Strickland — were tenants in common in all this property.   See the opinion of this court on the point, 52 Miss. 580.   We insist that the heirs of Mrs. Hudson, as tenants in common in this property, were not liable for the improvements made by their co-tenant Strickland without their consent.   One tenant in common cannot go on, independent of statute law, and make improvements, erect buildings, and the like, on the common property, and make his co-tenant liable for any part of the same.   1 Washb. on Real Prop. 571, sect. 17; *Crest* v. *Jack*, 3 Watts, 239; *Taylor* v. *Baldwin*, 10 Barb. 582; *Stevens* v. *Thompson*, 17 N. H. 109.

*W. S. Featherston*, of counsel for the appellants, argued the case orally.

*E. M. Watson* and *Arthur Fant*, for the appellees.

1. The first and most material question in this cause, as it now stands, is as to the allowance of the commissions, amounting to $2,300.   This item was properly allowed.   Strickland had properly managed his ward's estate, and claimed no commissions on his final account, because, by an express agreement made between him and his ward and her husband, the amount of the commissions was fixed.   This agreement was binding upon the parties.   *Ratliff* v. *Davis*, 9 Geo. 107.   And the fact of the ward's minority at the time can make no dif-

ference, because she was fully represented by her husband. *Frisby* v. *Harrison*, 1 Geo. 452.

These commissions should have been allowed on manifest principles of justice. It was exactly the same thing as money to the ward, and but for the agreement the court would have allowed the commissions, because the guardian had faithfully administered his trust. Under such circumstances a liberal allowance of commissions would be right, and is commended. *Heard* v. *Daniel*, 4 Cushm. 451; *Adams* v. *Westbrook*, 41 Miss. 384.

2. The report of the commissioner properly allowed Strickland for improvements. He went into possession under a voidable deed, and while thus holding made the improvements in controversy. But the item is not so seriously objected to as the amount allowed. The appellants have no right to complain of the action of the commissioner in this respect. *Ellis* v. *Ward*, 7 Smed. & M. 651; *Grout* v. *Lloyd*, 7 Smed. & M. 191.

*Arthur Fant* and *E. M. Watson* also made oral arguments.

*R. S. Stith*, on the same side.

1. When the settlement was made, Mrs. Hudson was married; and, although not of age, she was entitled to have a final settlement of the guardianship, and her property turned over to her and her husband. In that settlement, whether made in court or out of court, her husband necessarily represented her. No guardian *ad litem* was necessary. Hutch. Code, 506, sect. 135; Code 1857, p. 462, art. 148; *Frisby* v. *Harrison*, 1 Geo. 452, 456, 457.

Both Hudson and his wife fully understood and concurred in the settlement, by which the amount of $2,300 for commissions was allowed to Strickland, and paid to him in the sale of the residence in Holly Springs. These commissions were for his services as guardian, and no part of them was a compensation for the partition of the lands or the sale of the homestead. By this settlement of the commissions, Strickland was prevented from asking and obtaining an allowance

of commissions by his final settlement in the Probate Court. But, being a minor, Mrs. Hudson's deed to the realty was voidable at her election, and, having elected to avoid it, the sale of the homestead and the partition of the lands had to be set aside ; but this ought not to be allowed to work for her an unconscionable advantage. She justly owed the debt. The care of his ward and the management of her estate were the services for which commissions were allowed and paid in the sale; and the management of her estate and his accounts thereof, although assailed and sought to be reopened and surcharged in this proceeding, have never been disturbed, but have stood the test of the Chancery and Supreme Courts. It cannot be doubted that but for the fact that the commissions were regarded as paid in the sale of the residence they would have been claimed, and a liberal allowance made therefor, in a final settlement in the Probate Court. Now if, after she and her husband have avoided that allowance by this bit of sharp practice of a pretended sale of the residence, which they knew was voidable at her election, and which they proceeded to avoid as soon as they thought her guardian was concluded on the question of commissions, they seek to evade the payment of commissions altogether, does it not look like a shrewd attempt to defraud Strickland of his just dues? And will this court lend its aid or countenance to such a scheme to render it a success? I am persuaded it will not.

2. But counsel for complainants say that no commissions can be allowed here, because none have been allowed by the Probate Court; and they cite the case of *Ratliff* v. *Davis*, 9 Geo. 107–111, in support of this position.

This case does not support the doctrine asserted, for two reasons : First, in that case the amount of commissions had never been fixed, either by agreement of the parties or by the Probate Court; and, secondly, the Chancery Court, under the Constitution and laws then in force, had no power to fix the commissions to be allowed. "A fair compensation" was all that had been agreed upon; and the court say : "Accord-

ing to this statement of the claim, she was not bound to allow him any particular sum for his services, and although, if the matter had been agreed upon and finally settled between the parties, such a settlement might have been held conclusive, and as dispensing with any settlement with the Probate Court.''

CHALMERS, C. J., delivered the opinion of the court.

This litigation commenced in 1866, and will be found reported in 52 Miss. 575.

It was a bill brought by Mrs. Hudson, a former ward of W. M. Strickland, seeking to reopen a final settlement made by her said guardian in the Probate Court of Marshall County in 1861, and to vacate and cancel certain deeds of partition executed between herself and her guardian.

The prayer of the bill was granted by this court in so far as it sought a cancellation of the deeds of partition, and the case was remanded for the purpose of making a new division of the property and of taking and stating an account between the parties, with a view of adjusting the equities arising out of such cancellation. Careful directions were given as to the mode and manner of taking such account. 52 Miss., *supra.* This case is now before us on an appeal taken by Mrs. Hudson's children, she being dead, from the finding of the court on the account.

In the original partition, Strickland became the owner of a residence and certain lots in the town of Holly Springs, belonging in equal parts to his wife and his two wards, Mrs. Hudson and Morgan H. Thomson, paying therefor the sum of $10,500, a portion of which sum was paid by a surrender of his claim for commissions as guardian, or rather by his acknowledging the reception by him of said commissions, the amount of them being fixed by agreement between himself and Mr. and Mrs. Hudson at $2,300.

Shortly after this partition Strickland made his final settlement as guardian in the Probate Court, stating in the petition accompanying it that he asked no allowance of commissions

by the court, because they had been settled by the arrangement between himself and his wards.

The partition having been, as before remarked, set aside by this court, and the court below directed to settle the equities arising out of the transactions, Strickland was, by the court below, charged rent on the property from the date of his acquisition of it, and allowed, as an offset, the amount of the commissions agreed on between the parties and surrendered by him in his final settlement as guardian.

Mrs. Hudson's children object to this allowance, upon the ground that commissions to a guardian can be created only by their allowance by a court of competent jurisdiction, and without such judicial allowance cannot exist. They insist, therefore, that, inasmuch as the Probate Court of Marshall County, the only tribunal that could grant to the guardian a valid claim for commissions, never made such grant, no such claim can be now recognized. In support of this position they cite the case of *Ratliff* v. *Davis*, 38 Miss. 107.

There are two conclusive answers to this position. It was entirely competent for Mrs. Hudson, though a minor, in receiving her property from her guardian, to agree, in conjunction with her husband, upon the commissions due; and such agreement, if within the limit allowed by statute, and not shown to have been obtained by imposition, will be enforced by the courts. But even if the amount of commissions has not been specifically fixed, as Strickland surrendered all claim to demand them as part of the conditions of his purchase, it would now be entirely competent for the Chancery Court of Marshall County, the constitutional successor of the Probate Court, in compelling him to give up the property, to allow him such commissions as it should determine to be proper. It is not in this respect embarrassed, as was the court in *Ratliff* v. *Davis*, *supra*, by the necessity of preserving the jurisdictional line of demarcation between the Chancery and the Probate Courts; and even in that case the decision was rested largely

58 MISS. — 13

upon the absence of any agreement by the parties as to the amount of the commissions.

Strickland was further allowed by the court compensation for all improvements placed by him upon the property since his acquisition of it. This was correct only as to improvements made before the filing of the bill.

Previous to that time he had a right to regard himself as owner, holding the property as he did under a deed executed by a minor, which was good until avoided by her or steps were taken to avoid it. After that time he held as tenant in common, and was entitled only to the expenses incurred in necessary repairs for keeping the property in a good state of preservation.

He was allowed for additions and betterments erected and made after the filing of the bill. As the property was to be sold for partition, it was proper to allow for such additions, to the extent only that it can be shown that they enhanced the vendible price of the property. Freem. on Co-ten. 510.

He should have been allowed for his expenditures, therefore, on the following basis : For those made before the filing of the bill, in full ; for those made afterwards, in full in so far as they were in the nature of necessary repairs ; and in so far as they consisted of additions to the property, to the extent only that they enhanced its price.

Decree reversed and cause remanded.