CARLTON, J.,
dissenting:
¶ 14. I respectfully dissent from the majority opinion wherein the majority allows the trial court to deviate from the statutory procedure in dividing the joint interest in real property upon the filing of a petition to partition. See Walker v. Williams, 84 Miss. 392, 36 So. 450, 451-52 (1904); see also Murphree v. Cook, 822 So.2d 1092, 1098-99 (¶21) (Miss.Ct.App. 2002) (This Court found the chancellor erred in divesting a co-tenant of his interest in property using such factors as original cost and subsequent cost of maintaining the property. The Court held that the right of partition created by statute is an absolute right of a tenant in common); see also Miss.Code Ann. § 11-21-11 (When considering partition in kind, the court may order a sale of the lands or any part thereof if sale would better promote the interest of all parties than a partition in kind or court may order sale when determining that equal division of the lands cannot be made.); Cox v. Kyle, 75 Miss. 667, 23 So. 518, 519 (1898) (Applying strict construction of partition statute).
¶ 15. The decision by this Court in Murphree, 822 So.2d at 1098-99 (¶¶21-22) is helpful to the resolution of the case before us today. In Murphree, this Court explained that the chancellor abused his discretion in attempting to fashion a unique remedy to sever a co-tenancy by ignoring statutes of the state defining the only lawful method available to accomplish that purpose. Id. In the case before *756 us, if the chancellor determined that the lands were not subject to equal partition in kind or that the interest of the parties were served by a sale, then the chancellor should have equally divided any sale proceeds in accordance with each co-tenant’s respective joint interest. See generally MSPRAC-ENC § 60:100 (explaining that the equities that may be adjusted between the parties upon partition and cancellation of the joint title include adjustments such as rent, improvements to the property, payment of taxes, and other related expenses). The equities that may be adjusted upon partition of the property constitute equities that arise out of the cancellation of that joint title in the partition action. Hudson v. Strickland, 58 Miss. 186, 1880 WL 4849, 4-5 (1880); see also Moorer v. Willis, 239 Miss. 118, 129-30, 121 So.2d 127, 132 (1960) (The equities arising out of the cancellation of the title concern matters such as the collection of rents, payment of taxes, and costs of maintenance and upkeep.).
¶ 16. In this case, the chancellor considered disputes between the parties that exceeded those equities arising out of the cancellation of the title upon partition. The original purchase price related to the formation of the title, but it did not constitute an equity arising out of the cancellation of the title or partition after formation of the joint title. Graphia’s testimony that Jones agreed to give him fifty percent ownership of her town home in exchange for including her as a joint tenant on the property in dispute relates to a matter arising prior to formation of the joint title. I submit that nothing in the title of joint ownership provides that Jones’s joint interest was contingent upon some other such conveyance. However, Mississippi Code Annotated § 11-21-9 and precedent all recognize the chancellor’s authority to consider the equities arising out of the cancellation of the title in partition actions. The chancellor, and majority, properly recognized the chancellor’s authority in making adjustments relating to the maintenance of the property, such as taxes. Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (Miss.1963); see Miss.Code Ann. § 11-21-11. I submit that the chancellor exceeded the equities of the claims between the parties arising out of the cancellation of the title; therefore, I would reverse and remand for a new partition division by the chancellor. See Walker, 84 Miss, at 392, 36 So. at 451-52; Murphree, 822 So.2d at 1098-99 (¶¶ 21-22).
FAIR, J., JOINS THIS OPINION. IRVING, P.J., AND MAXWELL, J., JOIN THIS OPINION IN PART.