## Lewis Cox *v.* R. C. Kyle et al.

1. **Tenants in Common.** *Sale for division. Practice.*

In a proceeding to sell lands for division of proceeds among tenants in common, it is error to award the whole of such proceeds to the complainants on the ground of an indebtedness of defendants to them not averred in their bill nor shown by evidence.

2. **Same.**

It is error to decree a sale of land for division of proceeds among tenants in common when defendants' answer denies that the land is not susceptible of division without injury to the interests involved, and that it would best serve such interests for the same to be sold, and there is no evidence on the subject.

3. **Same.** *Statute strictly pursued. Code 1892, § 3100.*

The statute providing for the sale of land for division of proceeds among tenants in common is an innovation on the common law, and must be strictly pursued.

4. **Same.** *Absence of proof. Oral evidence. Recital in decree. Code 1892, § 1764.*

A recital of the taking of oral proof in a decree for the sale of land for division of proceeds among tenants in common, does not supply the want of proof in the record to support the decree when oral evidence has not been made admissible by notice filed nor by agreement of the parties under § 1764, code 1892.

75   667
d78   445

75   667
82   442

75   667
f93   72

From the chancery court of Tunica county.

Hon. A. H. Longino, Chancellor.

The case is sufficiently stated in the opinion of the court.

*F. A. Montgomery, Jr.*, for the appellant.

1. Notwithstanding the denials of defendant's answer that a sale was necessary, the court proceeded to decree a sale of the lands, upon some testimony that does not appear in the record. Presumably the court, by its reference in the decree to oral testimony, meant that testimony of that character was taken as to the question of sale or partition in kind. But it is clear that §§ 1763, 1764, 1765, code 1892, do not authorize the taking of oral testimony in cases of this kind. Besides, there is no proof in the record of any of the statutory requirements of a valid sale. *Tindall* v. *Tindall*, 3 So. Rep., 581. It is well settled that, as between partition and sale of common property, the courts prefer a partition. Pomeroy on Eq. Jur. (2d ed.), 1390. There was no evidence to show that sale was necessary, and the averments of the bill were met by the denials of the answer.

2. The commissioner did not sell for cash, and his report of sale should not have been confirmed. He allowed the complainant to credit his bid on a judgment he had against Julius and Frank Cox, his co-tenants. *Blythe* v. *Horne*, 17 So. Rep., 4, and cases cited.

*J. T. Lowe*, for the appellee.

1. Section 1764, code 1892, provides that in any chancery case the parties may agree in writing to try the cause on oral testimony, and this court, in the absence of any showing in the record to the contrary, should presume that this proceeding was so tried. The courts indulge, to a great extent, the presumption in favor of the .validity of judgments and decrees. *Cummings* v. *Johnson*, 65 Miss., 342; *Covel* v. *Smith*, 68 *Ib.*, 296; *Byrd's case*, 1 How. (Miss.), 163; George's Dig., 378;

*Smith* v. *Berry*, 1 Smed. & M., 321; *Wells* v. *Smith*, 44 Miss., 296; *Smith* v. *Hurd*, 8 Smed. & M., 682; *Leath* v. *Wright*, 2 How. (Miss.), 774; *Balfour* v. *Mitchell*, 12 Smed. & M., 629; *Henderson* v. *Guyot*, 6 Smed. & M., 209; *Stevens* v. *Mangum*, 27 Miss., 431; *Doe* v. *Bernard*, 7 Smed. & M., 319; *Cason* v. *Cason*, 31 Miss., 578; *Lee* v. *Bennett*, *Ib.*, 119; *Duncan* v. *McNeill*, *Ib.*, 704.

2. There is nothing in appellant's contention that no money was paid at the commissioner's sale. The decree provided for a sale in cash, and the commissioner reported that he followed its terms. The court below understood the commissioner's report as to the amount of complainant's bid being credited on the judgment against the defendants, Frank and Julius Cox, as a credit, and approved it. If he had not paid the money, complainant would not have been given credit.

TERRAL, J., delivered the opinion of the court.

The decree of the chancery court in this case approves the application of the whole purchase money to the complainants, two of the co-tenants, on the ground recited in the decree, that the other co-tenants were indebted to complainants, and yet there is no allegation in the bill nor any evidence in the record, of any such indebtedness. This appears to us to be error.

Another error is in decreeing a sale of the common property upon the pleadings and proofs in the case. The bill alleges that the tract of land cannot be divided in kind without impairing its value, and that it would be for the best interest of all the parties for the same to be sold for a division of the proceeds thereof. The answer of Lewis Cox avers that the land is susceptible of a division in kind, and that it would best serve the interests of all parties for it to be divided in kind, and there is no proof in the record on the subject.

The common law gave to joint owners of land a right to have a partition in kind, and the right of selling the land and of dividing the proceeds given by the statute, is an innovation upon

the common law, and as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind.   *Tindall* v. *Tindall*, 3 So. Rep., 581; *Roberts* v. *Coleman*, 37 W. Va., 157; *Zirkle* v. *McCue*, 26 Gratt., 532; Freem. on Co-tenancy, sec. 537.

The want of any proof of the necessity or of the propriety of the sale is apparent upon the face of the record.   The recital in the decree of the taking of oral proof does not cure the defect.   Such oral proof is admissible in matters of this kind only when notice is filed or the written agreement of the parties is made therefor under § 1764, Ann. Code 1892.

The decrees of the chancery court for the sale of the land for division, and of the confirmation of said sale, are
*Reversed, and the case is remanded for a rehearing.*