JAMES W. SMITH *v.* JOSEPH W. STANSEL.

[46 South., 538.]

1. PARTITION. *Lands. Sale for division of proceeds. When to be ordered. Code* 1906, §§ 3521, 3522, 3523, 3524.

Under Code 1906, §§ 3521, 3522, 3523, 3524, governing court proceedings for partition of lands between co-tenants and others and authorizing a sale for division of the proceeds in certain cases, the lands should be partited in kind, unless:—

(*a*) A sale of the whole, or a part thereof, and a division of the proceeds will better promote the interest of all parties; or

(*b*) An equal division in kind of the whole, or of a part, cannot be made; and

In either of which events a sale may be decreed of the whole, or of the part, as the case may be.

2. SAME. *Code* 1906, § 1941. *Recital in decree. Testimony in chancery court. Presumption.*

A decree ordering the sale of one hundred acres of land for division of the proceeds between two tenants in common is reversibly erroneous where the record fails to show why a partition in kind was not awarded; and it cannot be supported by its recital that proofs were considered by the chancery court, in the absence of all basis for the introduction of oral evidence, under Code 1906, § 1841, providing how witness may be examined orally in said court.

3. SAME. *Solicitor's fee. Code* 1906, § 3542. *Only one fee.*

Code 1906, § 3542, authorizing the chancery court in partition suits to allow a reasonable fee in certain cases for the complainant's solicitor, does not warrant the allowance of more than one fee.

FROM the chancery court of Noxubee county.

HON. JAMES F. MCCOOL, Chancellor.

Stansel, appellee, was complainant in the court below, Smith, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court.

Appellee's bill prayed partition of a tract of land, containing one hundred acres, of which he and appellant were tenants in common; each owning an undivided half interest. The

alternative prayer of the bill was for the sale of the land and division of the proceeds, in case the land should be found incapable of a fair and equitable partition in kind. The court rendered a decree ordering the land sold, and, charging the proceeds with all costs, including a solicitors' fee for the solicitors representing both appellant and appellee, provided that the balance of the proceeds should be divided between appellant and appellee, and a commissioner was appointed to make the sale. The sale made, and reported to the court, by the commissioner was afterwards confirmed, over objection of appellant.

*H. H. Brooks* and *T. W. Brame,* for appellant.

There is nothing to show that this one hundred acres of land could not have been partitioned in kind if the appellee had a title to a one-half interest, and we insist that this must appear affirmatively from proof either written or oral, taken upon notice, in court. A sale of the land is an innovation upon the common law, and the statute must be strictly complied with.

The case of *Cox* v. *Kyle,* 75 Miss., 667, 23 South., 518, holds to this doctrine and the court says: "It must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind." The decree complained of in the case at bar simply stated that the land was not susceptible of division. This court decides in the case of *Cox* v. *Kyle, supra,* that the want of any proof of the necessity for or the propriety of the sale, is fatal and that a recital in the decree of the taking of oral proof does not cure the defect. Such oral proof is admissible in matters of this kind, only where notice is filed, or written agreement is made therefor.

A solicitor's fee can only be allowed in partition suits under Code 1906, § 3542, when complainants are themselves strictly within the terms of the statute. The statute is only intended to give to the court the power to fix a fee for the solicitor who files the bill, but if there is a real controversy and a propriety

in the defendant being represented the fee should not be allowed. *Hoffman* v. *Smith,* 61 Miss., 544; *Neblett* v. *Neblett,* 70 Miss., 572, 12 South., 598; *Walker* v. *Williams,* 84 Miss., 392, 36 South., 450.

*James T. Harrison,* for appellee.

The chancery court has said, after full investigation that the land cannot be partited in kind and defendant admits that he had no proof that it could be. He does not set out even in his pleadings, motions, objections, exceptions, etc., how it could be partited but simply asserts and assumes it. The proof was that there is a slough and bayou running in a circuitous course all through the land which made one side much more valuable than the other. There were two forty acre tracts and one twenty acre tract and the slough cut into one of the large and the smallest tracts so much more than into the other that the latter was worth more than both the other two. This was a part of the proof alluded to in the decree.

Argued orally by *H. H. Brooks,* for appellant.

MAYES, J., delivered the opinion of the court.

The record shows that only two persons are interested in this land, and the quantity of land aggregates one hundred acres. There was no notice filed under Code 1906, § 1941, of a desire to have the witnesses examined in open court; nor was there filed any agreement in writing to that effect. Since there was no notice or agreement in reference to taking oral testimony, none could have been taken, and the correctness of the chancellor's decree must be determined from the record alone.

Where it is possible to order a partition in kind with due consideration for the interest of all parties, that mode of partition is preferable under the law. A sale for partition is only ordered where it will better promote the interest of all parties

than a partition in kind, or where an equal division in kind cannot be made.

In the case under discussion none of the requisite facts authorizing a sale for partition, instead of partition in kind, are to be found in the record. True it is that the decree of the chancery court recites that the cause coming on to be heard "on the bill, amended bill, answer, proofs, exhibits, and argument of solicitors, and the same being duly considered, the prayer of the bill is granted, and the land set forth in the pleadings is ordered to be sold, it appearing to the court that it is not susceptible of division," etc. This decree for sale is manifestly wrong. The chancery court could have had no evidence before it warranting this conclusion which is not now before us, since oral proof was not permissible in the attitude of this record at the time of the hearing. There is no proof in the record going to show that a division in kind could not be made. There were only two parties interested in the land, and the quantity to be partited was one hundred acres. Therefore, on the face of it, the record shows that the land could be divided in kind. We can hardly imagine a case where it would be necessary to sell one hundred acres of land in order to equitably partite same though it is possible that such case might exist. The case of *Cox* v. *Kyle,* 75 Miss., 667, 23 South., 518, is directly in point here. There is neither necessity nor propriety shown for the sale of this property for partition.

We do not deem it necessary to enter upon any general discussion as to when it is proper to allow a solicitor's fee under Code 1906, § 3542. It sufficeth to say that in no case can there be but one fee allowed, and in this case it was improper to allow any solicitor's fee taxable against the interest of Smith.

The decree is reversed and case remanded, with leave to either party to reopen the case and take any further testimony desired.

*Reversed.*