RAIFIELD SHORTER *v.* LEO LESSER.

[54 South. 155.]

1. PARTITION OF LANDS. *Sale.*

In a suit for partition of land among cotenants, the court should not order a sale of the lands for division, over the protest of one of the cotenants, unless it clearly appears that an equal division of the land cannot be made in kind, or that a sale of the land will better promote the interest of all parties than a partition in kind.

2. SAME.

Under the common law, joint owners had only the right to partition in kind and the statute allowing a sale for division being in derogation of the common law should be strictly construed.

APPEAL from the chancery court of Tunica county.
HON. M. E. DENTON, Chancellor.

Bill by Leo Lesser against Raifield Shorter for partition. From a decree ordering the sale of the land for partition, defendant appeals.

The facts are fully stated in the opinion of the court.

*F. A. Montgomery,* for appellant.

The question is, has this appellant, or not, the right to have his interest in the land set aside to him in kind when it manifestly can be done under the statute.

The bill in this case on this subject of sale for partition alleges, "and your complainant shows to the court that said land is not susceptible of division in kind, but will have to be sold in order to partition same between the parties as their interest may appear, as the houses and improvements on said land are on one end of the place and the wood land on the other end."

The most that any of the testimony in the case would justify the court in inferring would be that it was to the interest of one of these parties for the land to be sold, to-wit: the complainant. But the testimony of the defendant (appellant) himself shows that it is not only most important to his interest that it should be divided in kind, but that he is most desirous that it should be done. And the court cannot decree a sale, instead of a partition in kind, unless it will better promote the interest of all the parties. See section 3524, Code of 1906.

The court has no right to divest a landowner of his title and order a sale of his land unless it appear from the record that an equal division cannot be made, or that a sale will better promote the interest of all the parties than a partition in kind.

The common law gave to the landowner the right to have a partition in kind, and the right of selling the land and dividing the proceeds given by the statute is an innovation upon the common law, and as it takes away from the owner the right to keep his freehold in kind it must be strictly pursued. See *Tindall* v. *Tindall,* 3 So. Rep. 581; *Cox* v. *Kyle,* 75 Miss. 667; 3rd Pomeroy Equity Jurisprudence, § 1390; *Smith* v. *Stansel,* 93 Miss. 69.

In the latter case our supreme court says: "Where it is possible to order a partition in kind, with due consideration of all parties, that mode of partition is preferable under the law. A sale for partition is only ordered where it would better promote the interest of all parties than a partition in kind, or where an equal division in kind cannot be made. We can hardly imagine a case where it would be necessary to sell one hundred acres of land in order to equitably partite the same, though it is possible such a case might exist."

Now in the case at bar, here is an eighty-acre strip of land one-half as wide as it is long, and while it is true that the most valuable part of the land is at one end of the tract and the less valuable at the other end, still under section 3531 of the Code of 1906, in which it is provided that an amount of money may be assessed to be paid by one of the co-tenants to the other so as to equalize their respective shares, there would seem to be no possible reason why the prayer of this appellant should not be granted, and he be allowed to have his part of the land off one end and either charged with owelty to be paid by him, or credited with the same to be paid by the other party.

*J. T. Lowe,* for appellee.

We insist that this case is wholly different and unlike the cases of *Cox* v. *Kyle,* 75 Miss. 667, and *Smith* v. *Stansel,* 93 Miss., page 69, relied on and cited by appellant, in his brief. In those two cases, while an issue was joined, by the parties owning the land, on the question of whether or not said land was susceptible of partition in kind, yet, no proof was taken, nor any reference to commissioners was made to see, or ascertain whether said land could be partitioned in kind, but a decree was made by the court, for the sale of the land, on the bare allegation of complainant's bill, which was, in both instances, denied by answer.

98 Miss.]                     Brief for appellee.

In the case at bar, while the complainant alleges in his
bill that said lands could not be divided in kind, and
asks a sale for partition, yet, this was denied by answer
and cross bill, and further, after complainant had an-
swered the cross bill, reaffirming, by way of denial, the
allegations in the original bill, that said lands were not
susceptible of partition in kind, then an agreed decree
was entered, naming three commissioners, who were di-
rected to partition in kind, if possible to do so, "looking
to the interests of both parties in interest," and if this
could not be done, to so report to the court, then the said
defendant, appellant here, seeking to further controvert
the question as to whether said lands could be divided in
kind or not, excepted to said commissioner's report,
which was, that said lands could not be partitioned in
kind. And then, on answer to said exceptions; by agree-
ment and consent of all parties, on issue joined, as to
whether said land should be sold, or should be divided
in kind; a trial was had before the chancellor, and proof
taken by consent, in open court.

We insist that the finding of the chancellor, in this
case, should not be disturbed (see *Partee v. Bedford,*
51 Miss., page 84; *Davis* v. *Richardson,* 45 Miss., page
499) further, that a finding by a chancellor, on a con-
troverted issue of facts stands in exactly the same atti-
tude as a finding by a jury, or a court sitting as a jury.
See *Apple* v. *Gaong,* 47 Miss., page 189; also *Walker* v.
*Walker,* 67 Miss., page 529. Further sustaining us, see
*Wilson* v. *Beauchamp,* 50 Miss., page 24; *Randal* v.
*Gates,* 48 Miss., page 685; *Harrington* v. *Allen,* 48 Miss.,
page 492. Further see *Allen* v. *Smith,* 72 Miss., page 689;
*Jones* v. *Banks,* 71 Miss., page 1023.

Where a jury is waived and a trial of facts is had be-
fore the court the same result follows, and this court
will not disturb or overrule the findings, if the same is
sustained by evidence, see *Robertson* v. *Cloud,* 47 Miss..

page 208; *Dickson* v. *Cook,* 47 Miss., page 220; *Railway Co.* v. *Bolding,* 69 Miss., page 255.

We quote this language from *Smith* v. *Stansel, supra,* 98 Miss., page 60: "Where it is possible to order a partition in kind, with due consideration, for the interests of all parties, that mode of partition is preferable under the law, a sale for partition is only ordered where it better promotes the interests of all parties, than a partition in kind, or where an equal division in kind cannot be made." It is conclusive, from the proof, and the report of commissioners, in this case, that an equal division in kind cannot be made, and further, that every expediency has been resorted to in this case and used to the end, that a partition in kind be had. Further, the case at bar is unlike the case of *Smith* v. *Stansel, supra,* in this, that in that case, the two interests were equal, in this case one has a one-fourth interest and the other a three-fourths interest, which is the same as four equal one-fourth interests. In the case of *Cox* v. *Kyle, supra,* where there was a controverted question of facts as to whether said land could be divided in kind, or not, as before stated, there was no proof taken, or evidence of any kind to sustain the court's findings, decreeing a sale for partition. We submit that this case should be affirmed.

McLAIN, C.

Leo Lesser filed a bill in the chancery court of Tunica county against R. Shorter, alleging that he and Shorter were the owners of a certain eighty-acre tract of land, and that he (Lesser) owned a three-fourths interest in same and Shorter the other one-fourth. He charges in his bill that the land is not susceptible to partition in kind, and that a sale of the land will better promote the interests of parties than a partition in kind. Shorter, in answering the bill, avers that the land is susceptible of an equal partition in kind, and he made his answer a cross bill, praying that the land be divided in kind, and

expressing a willingness, if necessary, to give or take.
owelty. By consent, a decree was rendered, appointing
commissioners for the purpose of partition in kind, if
such partition was practicable, and they were directed
to cause a survey to be made of the land, and platted,
said plat to show the cleared land, wild land, heavy tim-
ber, light timber, and the character of the land with re-
gard to its being low or high, buildings, improvements,
etc., and to report to said court whether or not said land
was susceptible of division in kind, and if, in their opin-
ion, it is so susceptible of division in kind, they were
ordered to divide said land into two tracts, allotting
to Lesser three-fourths and to Shorter one-fourth, hav-
ing regard to both quantity, quality, and value, and to
give and take owelty, if need be. They were further
ordered that, if they find that said land is not susceptible
to division in kind, then to so report to the court, and
with their said report to show the value of the entire
property. In obedience to this decree, they reported
to the November term, 1909, filing with their report a
plat of survey and the value of the land. They also re-
ported that in their opinion it was not susceptible of
division in kind, even by taking and giving owelty. Shor-
ter filed exceptions to this report, insisting that the land
was susceptible of partition in kind. The court, after
hearing evidence upon this question, decreed a sale of
the land for partition, and required the commissioners to
sell for cash at a price not less than two thousand five
hundred dollars. From this decree, Shorter appeals
to this court.

In considering this case, we will state at the outset
that the law looks with favor upon a partition in kind,
and with disfavor upon a sale of lands for partition,
unless it appears that an equal division cannot be made
in kind, or that a sale of the lands will better promote
the interest of all parties than a partition in kind. Un-
less these conditions are fully met, the court has no right

to divest a landowner (co-tenant) of his title, over his protest, and order the sale of same.. The party seeking to have the sale of the land must bring his case clearly within this statutory provision. He must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or- less injurious, than an actual division. Our court, in passing upon this question, said: ''The common law gave to joint owners of land a right to have a partition in kind, and the right of selling the land and of dividing the proceeds, given by the statute, is an innovation upon the common law; and as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind.'' *Cox* v. *Kyle,* 75 Miss. 669, 23 South. 518. See, also, *Smith* v. *Stansel,* 93 Miss. 71, 46 South. 538; *Tindall* v. *Tindall,* 3 South. 581; Pomeroy's Equity Jurisprudence (3d Ed.), § 1390.

Applying the facts of this case to the above principles of the law, did the court commit error in ordering a sale of the lands and directing a. division of the proceeds between appellant and complainant, according to their respective interests? It is true the commissioners stated in their report to the court that in their opinion the land was not susceptible of division in kind, even by taking and giving owelty. But in our opinion they failed to give any substantial reason why ,it could not be done, except to say that they did not think it is to the best interest of the parties to have the land partitioned in kind. Several winesses, besides Shorter, the defendant, testified that it could be. partitioned in kind. But, above all this, here is a record before us showing a tract of land containing eighty acres, consisting of two forty-acre tracts, lying side by side, used exclusively for agricultural purposes, thirty-eight acres of which is now in cul-

tivation, and the balance uncleared, with no lakes, marshes, or worthless land thereon. It is true the most valuable land is at one end of the tract, and the least valuable at the other. But it does occur to us that under our statute, which provides that, if an equal partition in kind cannot be made, an amount of money may be assessed, to be paid by one of the co-tenants, so as to equalize their respective shares, that there is no good and sufficient reason in this record why the land cannot be partitioned, and at the same time do exact justice to both parties in interest. It is difficult to conceive a case wherein it would be necessary to sell eighty acres of land, lying as this land does, to equitably divide it between two parties, owning a three-fourths and one-fourth interest, respectively. However, such a case may occur. This record fails to show such a case. Indeed, the facts fall far short of showing that the best interest of both parties will best be subserved by a sale, instead of a division in kind.

We think that it is manifest that the learned chancellor below committed an error in ordering a sale of this land.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the decree is reversed and the cause remanded, with leave to either party to reopen the case and take any further testimony desired.