JOHNSON, et al. *v.* ST. CATHERINE GRAVEL CO.

Nov. 16, 1953

No. 38912          43 Adv. S. 18          67 So. 2d 712

March 16, 1953          24 Adv. S. 38          63 So. 2d 393

714

*McGehee & McGehee,* Natchez, for appellants.

*Laub, Adams, Forman & Truly,* Natchez, for appellee.

ON MOTION TO STRIKE

ARRINGTON, J.

The appellee, St. Catherine Gravel Company, filed a motion herein to strike certain portions of the court reporter's transcript from the record, and to strike certain portions of the appellant's brief. The motion to strike from the record the court reporter's transcript of the proceedings subsequent to the appeal taken herein is sus-

tained. The motion to strike certain portions of appellant's brief is overruled.

## ON THE MERITS

Bill for partition was filed in the Chancery Court of Adams County, Mississippi, by St. Catherine Gravel Company against twenty-seven defendants who owned undivided interests varying from a 1/16 to a 1/264, aggregating an undivided ¾ interest, in a tract of land containing approximately 135 acres, and against others who owned mineral interests. St. Catherine Gravel Company owned an undivided ¼ interest and prayed for partition of the surface only. The twenty-seven defendants who owned an interest in the surface answered and averred that the lands were capable of equitable partition in kind by allotting to complainant a portion equal to ¼ of the total value with owelty, if necessary, and to the defendants a portion equal in value to ¾ of the whole of said land, with owelty, if necessary. Throughout the trial, the defendants, whose interests aggregated an undivided ¾ interest, offered to accept their portion as a unit.

The court did not take into consideration the offer of defendants to take their ¾ undivided interest as a unit, giving as reason therefor that defendants did not make their answer a cross-bill, and found that the lands were not capable of division in kind; that "the character of the land is such that commissioners cannot divide it in kind, as they would have to set aside to each individual his part, there being a ¼ to one, a 1/24 to another, a 1/16 to another, a 1/44 to another, and a 1/244 to another and so on, there being approximately 40 heirs." Decree was entered ordering the lands sold, with division of the proceeds, from which interlocutory decree an appeal was allowed to this Court.

In the case of Wight v. Ingram Day Lumber Co., 195 Miss. 823, 17 So. 2d 196, bill for partition by sale of min-

eral interests was filed and a similar offer to combine the interests of defendants was made but the lower court directed a sale of the minerals, with division of the proceeds. The case was reversed and remanded and the Court said: "Offer is made in the answer to combine the interests of these defendants in a single unit for purposes of division in kind. * * * Any division so effected would, therefore, result in the allotment of units, the smallest of which would be substantial and workable, and the offer of the defendants to this end renders plausible the contention that a partition in kind would not by extended subdivision render any allotment too minute to be usable or merchantable."

Section 965, Miss. Code of 1942, provides: "If, upon hearing, the court be of opinion that a sale of lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper * * *; and may decree the sale of a part of the land and the partition in kind of the residue."

■■■ The law favors a partition in kind and the principles of law governing partition are fully set forth in Shorter v. Lesser, 98 Miss. 706, 54 So. 155, in which case this Court said: "In considering this case, we will state at the outset that the law looks with favor upon a partition in kind, and with disfavor upon a sale of lands for partition, unless it appears that an equal division cannot be made in kind, or that a sale of the lands will better promote the interest of all parties than a partition in kind. Unless these conditions are fully met, the court has no right to divest a landowner (co-tenant) of his title, over his protest, and order the sale of same. The party seeking to have the sale of the land must bring his case clearly within this statutory provision. He must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or less injurious, than an

actual division. Our court, in passing upon this question, said: 'The common law gave to joint owners of land a right to have a partition in kind, and the right of selling the land and of dividing the proceeds, given by the statute, is an innovation upon the common law; and as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind.' Cox v. Kyle, 75 Miss. 669, 23 So. 518. See, also, Smith v. Stansel, 93 Miss. 71, 46 So. 538; Tindall v. Tindall, 3 So. 581; Pomeroy's Equity Jurisprudence (3rd Ed.), Sec. 1390.''

██ In the instant case, defendants have offered to take their undivided interests, aggregating a ¾ undivided interest, as a unit, and we are of the opinion that the learned chancellor was in error in ordering the sale of the property. This case is, therefore, reversed and remanded so that the susceptibility of this tract of land being equitably divided in kind, with or without owelty, ¼ to St. Catherine Gravel Company and ¾ as a unit to defendants, may be determined by the court.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Holmes,* and *Ethridge, JJ.,* concur.

---

ON SUGGESTION OF ERROR ADDRESSED TO ORDER OVERRULING MOTION TO DISMISS APPEAL

ROBERDS, P. J.

On February 16, 1953, this Court denied motion of appellee to dismiss this appeal and sustained motion of appellant to docket and set the case for hearing.

Appellee has filed a so-called suggestion of error to that action. ■■■ There is no provision for such a procedure. The suggestion of error is, therefore, dismissed.

So ordered.

*Hall, Kyle, Holmes* and *Lotterhos, JJ.,* concur.