RODGERS, Presiding Justice.
The appellee, Hubert Lamar Quick, filed a suit in the Chancery Court of Covington County, Mississippi, against the appellant, Mary S. Mathis, in which he sought a partition of seventy-six (76) acres of land. It was alleged that each party owned a one-half (1/2) interest in the land. He asked the court to partite this property by sale or, in the alternative, that the land be par-tited in kind.
The appellant filed her answer denying the complainant’s right to a partition of the land upon the ground that the land described in the bill had been the homestead of her husband, and that she had a homestead interest in the land by virtue of Section 478, Mississippi Code 1942 Annotated *925 (1956). She filed a cross-bill in which she alleged that she paid a portion of the purchase price of the land and that she is in fact a one-half (1/2) owner in her own right; that she inherited a one-half (}/2) interest of the one-half i}/¿) interest belonging to her husband. She, therefore, claimed to be the owner of a three-fourths (J4) interest in the land. She reasserted her claim to homestead rights in the property. The complainant, Quick, filed his answer denying the affirmative defense of the appellant and denied that the appellant neither owned a three-fourths 04) interest in the property nor that she had a homestead right to the property.
The testimony in the record shows that the appellant is the widow of Curtis C. Mathis, deceased, who died intestate in Atlanta, Georgia on March 15, 1968; that during his lifetime he purchased the property here in litigation; and, although he visited the property and stayed there several months and at one time had some cows on the land, he never in fact lived on the property for any length of time. At the time of the death of Curtis C. Mathis, he left surviving him as his only heirs at law, his widow, the appellant, and one daughter, Wanda Gail Mathis Bump. Wanda Gail Mathis Bump sold her one-half (}/2) interest in the property to Hubert Lamar Quick, the appellee, for the sum of three thousand eight hundred dollars ($3,800.00).
Appellant’s daughter testified against her mother. She said the appellant had abandoned her father and had lived with other men; that when her father died, her mother was away from home and did not know about his death until sometime later. She testified that her mother and father never lived on the property, and that their home was in Atlanta, Georgia. She admitted that she stayed with her grandparents on the property on two occasions to attend school. She testified that her father moved from place to place in order to find work. The appellant denied the charges made by her daughter and contended that she left home only until her husband got over being drunk.
The appellee described the seventy-six (76) acres of land as being cut by two rivers and a state highway. He said there was little timber on the land; that the house is adjacent to twenty (20) acres of cultivatable land, and he was of the opinion that the property could not be equally divided. Mr. W. O. Thomas, a local realtor, described the land and said “ . [I]t would be very difficult to divide this land and either of these parties to get an equal proportion or equal division of it.” He also said he “just (does not) know how it could be divided.” He gave his opinion as to the value of the house and of the land.
The testimony in this record has convinced us that the chancellor was correct in holding that the property described in the original bill was never the homestead of Curtis C. Mathis during his lifetime, and, therefore, the appellant, his widow, had no homestead interest in the land. We are also convinced that the chancellor was correct in holding that the appellant did not establish her claim to more than a one-half (i/2) interest in the property. The decree of the chancery court as to the interest of the parties in the land will be affirmed.
On the other hand, we have reached the conclusion that the chancellor was manifestly wrong in requiring the property to be sold for a division of the proceeds upon the ground that “a sale would better promote the interest of both parties than a partition in kind.”
Section 965, Mississippi Code 1942 Annotated (Supp.1972) as amended by Laws of 1958, Chapter 251, is in the following language:
“If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in *926 kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper and a division of the proceeds among the co-tenants according to their respective interests; and the court may appoint a special commissioner to make the sale, and may make all proper orders to protect the rights of the parties interested; and may decree the sale of a part of the land and the partition in kind of the residue.”
In the case of Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963) this Court held that where one seeks partition by sale he must bring his case clearly within the statute. In that case there were four parties in interest. One of the parties (Mr. Dailey) owned sixty-nine percent (69%) of one parcel and eighty-four and one-half percent (841/2%) of another parcel. This Court said:
“Under these circumstances, it was error for the chancery court to order a partition of the land by sale, rather than in kind. Partition by sale may be had only if the sale of the land ‘will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made. . . . ’ ” 246 Miss, at 683, 151 So.2d at 926.
We then said:
“A partition in kind is preferred. The law looks with disfavor upon a sale of land for partition. A person seeking to have a sale must bring his case clearly within the statute. Partition by sale proceedings take from the owner of land his right to keep his freehold. (Citing cases).” 246 Miss, at 683, 151 So.2d at 926.
There is nothing in the record in the instant case to indicate that it would be to the best interest of all the parties to sell the property. One witness is of the opinion that the land cannot be equally divided, and another was of the opinion that “[I]t would be very difficult to divide this land and either of these parties to get an equal proportion or equal division of it.”
In the case of Dailey v. Houston, supra, this Court was careful to point out that no evidence was introduced to show that it would be to the best interest of all the parties to order a sale. We said:
“There was no evidence introduced on the issue of whether a partition by sale would come within these requirements. In the absence of evidence that a sale will better promote the interests of the parties or an equal division in kind cannot be made, a sale should not be ordered. (Citing cases).” 246 Miss, at 684, 151 So.2d at 927.
In the instant case the appellant has no home other than the land here involved. She does not want the land sold. The appellee requested the court in his original bill (in the alternative) to divide the property. Only two parties are interested in seventy-six (76) acres of land. The law permits the chancery court considerable flexibility in dividing the property between the parties in a partition suit. The court is not required to be exact in an equal division in kind, because the court may require owelty from one cotenant to another to adjust the interest of the parties. Section 966, Mississippi Code 1942 Annotated (Supp.1972).
In the case of Carter v. Ford, 241 Miss. 511, 130 So.2d 852 (1961) this Court cited Cox v. Kyle, 75 Miss. 667, 669-670, 23 So. 518, 519 (1898) and said that in that case:
“ ‘The common law gave the joint owners of land a right to have a partition in kind; and the right of selling the land, and dividing the proceeds, given by the statute, is an innovation upon the common law; and, as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a *927 sale of the land will better promote the interest of all parties than a partition in kind’, citing authorities. There was no proof of the necessity or propriety of a sale, and the cause was reversed.” 241 Miss, at 516, 130 So.2d at 854.
This Court also directed that the interest of Mamie Cross Carter should be set apart to her and the remaining part of the land sold.
In the instant case it appears that the house and such adjacent land sufficient to equal the value of the interest of appellee Quick, could be properly set aside to the appellant, Mary S. Mathis, or, upon the report of the commissioners, owelty could be assessed to adjust the interest of the parties.
We now affirm the decree of the chancery court as to the interest of the parties in the land here involved, but we reverse the decree as to the sale of the property and remand this case to the chancery court and direct that the property be divided in kind as may be proper and equitable.
Affirmed in part, reversed in part, and remanded.
GILLESPIE, C. J., and INZER, ROBERTSON, and BROOM, JJ., concur.