SUGG, Justice,
for the Court:
This appeal is from a decree of the Chancery Court of Attala County ordering eighty-two acres of land sold for division of proceeds among the owners. The principal question presented by this appeal is whether the complainants’ proof showed clearly that a division in kind could not be made and that a sale would better promote the interest of all parties rather than a partition in kind. We reverse and remand.
The law governing partition of property is well settled in this state and the party seeking to have the sale of land must bring his case clearly within the provisions of Section 11-21-11 Mississippi Code Annotated (1972). In Cox v. Kyle, 75 Miss. 667, 28 So. 518 (1898), we stated:
The common law gave to joint owners of land a right to have a partition in kind, and the right of selling the land and of dividing the proceeds given by the statute, is an innovation upon the common law, and as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind. (75 Miss. at 669, 670, 23 So. at 519).
We also held in Shorter v. Lesser, 98 Miss. 706, 54 So. 155 (1910) that:
In considering this case, we will state at the outset that the law looks with favor upon a partition in kind, and with disfavor upon a sale of lands for partition, unless it appears that an equal division cannot be made in kind, or that a sale of the lands will better promote the interest of all parties than a partition in kind. Unless these conditions are fully met, the court has no right to divest a landowner (co-tenant) of his title, over his protest, and order the sale of same. The party seeking to have the sale of the land must bring this case clearly within this statutory provision. He must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or less injurious, than an actual division. (98 Miss. at 711, 712, 54 So. at 156).
See also, Mathis v. Quick, 271 So.2d 924 (Miss.1973); Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963); Carter v. Ford, 241 Miss. 511, 130 So.2d 852 (1961); Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908).
From the above cases it is clear that the party seeking the sale of land for division of proceeds has the burden of proving *1038 clearly that a division cannot be made in kind.
In this case, C. M. Fisher owned the eighty-two acres of land in question and died intestate on March 2, 1964. He left as his sole heirs at law his second wife and eight children, four of whom were born as a result of the union with his second wife, and four of whom were born as a result of his union with his first wife. Complainants purchased the five-ninths (B/9ths) interest of the widow and the four children by the second marriage and filed suit against the defendants, who were the children of the first marriage, to have the property sold for division of proceeds.
The land is located within and adjacent to the corporate limits of Kosciusko, with thirty-two acres of the land located within the corporate limits. A public road runs along the northeastern boundary of the land for approximately one-fourth of a mile. The land is hilly, has some merchantable timber on it located primarily on the northern part of the land, and has on it an old house estimated to be worth approximately $100 and two small ponds. A ditch runs from the western boundary in a southeasterly direction to the southern boundary with approximately thirty acres lying across the ditch in the southwest corner of the property-
Complainants introduced four witnesses and a fair analysis of the testimony of these witnesses is that, it would not be impossible to divide the property in kind, but it would be very difficult to divide the property. One witness for the complainants, who had developed four small subdivisions in Kosciusko, testified that the property would have a greater value if it was sold as a unit rather than being divided, but gave no specific reasons for this conclusion.
Complainants each own an undivided five-eighteenths (Visths) interest in the property and the defendants each own an undivided one-ninth (V9th) interest. The defendants stated in their answer that they desired to have their four-ninths (4/9ths) undivided interest in the land set aside to them as a unit. One of the defendants testified that he was not financially able to bid on the property at a sale.
It is difficult for us to conceive of the fact that it is impossible to partite in kind eighty-two acres of land where the owners of the four-ninths (4/9ths) interest are willing to accept their land as a unit and there are only two other owners of the remaining five-ninths (6/9ths) interest.
At least two options are available on remand. First, the defendants’ four-ninths (Vsths) could be set apart to them in kind as a unit and if the complainants desire a sale for division of proceeds of the five-ninths (6/9ths) set apart to them, this could be accomplished under the provisions of Section 11-21-11 Mississippi Code Annotated (1972) which provides in part:
The court may decree the sale of a part of the land and the partition in kind of the residue.
This was the decision in Carter v. Ford, supra, where this Court directed the trial court to set apart to the defendant her seven-fifty-sixths (’/seths) interest in the land, providing owelty, if necessary, and sell the remaining part of the land and divide the proceeds among the other five parties as their interests may appear.
Second, the court could partite the land in kind giving the defendants their four-ninths (4/9ths) interest in a unit and by giving to each of the complainants their five-eighteenths (Visths) interest. Alternatively, the complainants could accept their interest in a unit.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C. J., INZER, P. J., and ROBERTSON, BROOM, LEE and BOWLING, JJ., concur.
WALKER, J., and SMITH, P. J., dissent.