375 So.2d 1054 (1979)
Mrs. Zader Mae BAILEY
v.
Opal Ruth VAUGHN, by and through her Conservator, Buster Vaughn.
No. 51467.
Supreme Court of Mississippi.
October 10, 1979.
*1055 Steighner & Colom, Donald J. Steighner, Columbus, for appellant.
Butler & Butler, Jan R. Butler, Eupora, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
The appellee, Opal Ruth Bailey Vaughn, daughter of deceased R.E.L. Bailey, by and through her conservator, Buster Vaughn, her husband, instituted this suit in the Chancery Court of Webster County, Mississippi, against Mrs. Zader Mae Bailey (wife of deceased) and her children as a bill for, inter alia, partition of 170 acres of land.
The court was of the opinion that the 170-acre tract (Tract I) of land was subject to partition and specifically stated:
The Court was not satisfied that the land was incapable of division in kind, and it is the order of the Court that three Special Commissioners be appointed by virtue of Section 11-21-15, being three freeholders, not related to the parties by consanguinity or affinity, to make partition in kind, according to this decree. These Special Commissioners have permission to cause a survey of the land to be made if they deem necessary.
The Court would prefer that the parties hereto suggest to it the names of three freeholders who may be appointed to so partite the land. If, after said commissioners have inspected the land, they are of the opinion that the same may not be partited in kind, they may so file their report for a sale and division of proceeds. The Court would desire that said commissioners report back their finding *1056 to this Court at the next regular term in September.
The commissioners appointed by the chancellor, with the agreement of counsel, reported back to the court on December 9, 1977, and stated in part as follows:
We went on this property and personally inspected it by walking over the entire 170 acres of land and found that the acreage South of the road, being approximately 60 acres, is cut over, that the acreage North of the road is mostly Hardwood of poor grade interspersed with pine, with better grade pine located in approximately 20 acres in the Northeastern most part of this property, that the terrain over the entire property is very rugged, which we estimate to be of the fair market value of $250.00 per acre for the entire 170 acres. We found a small portion borders on Miss. State Highway 15 and about 1 1/4 of a mile along a county gravel road. We do not recommend this land for partition in kind for to do so would necessitate 9 or more surveys at approximate average cost of $300.00 per survey and in addition it would necessitate 9 more appraisals at an approximate cost of from $200.00 to $500.00 per parcel.
It is our better judgment that this land is not susceptible to partition in kind. It is not conducive of being sold for residential lots and as a whole, it is not suitable for farming, it is suited only for growing timber.
Your Commissioners respectfully show that they served as Commissioners, and are entitled to be compensated for their services of five hours on October 29, 1977 and five hours on November 5, 1977.
Based upon the commissioners' report, the court entered its second opinion covering this parcel of land and specifically stated, on the fourteenth day of June, 1978 that:
Because of the number of interests in and to said property as well as the findings of the Commissioners, said property is not susceptible of being partited in kind and that a sale of the property for a division of the proceeds would better serve the interests of all parties hereto.
It was then ordered, adjudged and decreed:
That said land be sold for a division of the proceeds, after deducting all fees and expenses, including Court costs, among the parties in interest as provided for in a decree previously entered this date.
It was ordered that said special commissioner, being J.D. Robertson, the Chancery Clerk of Webster County, be appointed the special commissioner and the title of the subject property was vested in him to make a sale of the land hereinbefore described for the division of the proceeds.
On September 13, 1978, as a final order in this cause, the chancellor, in her decree, stated that:
It appearing to the satisfaction of the Court that said J.D. Robertson as Special Commissioner made due publication of said sale and in all respects complied with the terms of said Decree, and that the land sold brought a fair and adequate price and at said sale Georgia Pacific Corporation appeared and became the highest bidder for the sum of $81,000.00 and said Georgia Pacific Corporation has paid the sum of $81,000.00 to said J.D. Robertson, Special Commissioner, and said J.D. Robertson as Special Commissioner, is now ready to execute and deliver his Deed of Conveyance to the purchaser, Georgia Pacific Corporation.
It is, therefore, ordered, adjudged and decreed that said sale made by J.D. Robertson, as Special Commissioner be and the same is hereby ratified and confirmed by this Court.
It is from that portion of the decree of the chancellor's finding that the land in question, 170 acres, was not subject to partition in kind and confirming the special commissioner's sale that appellant appeals.
The appellant complains that the chancellor erred in ordering partition by sale when there was not sufficient evidence in the *1057 record to indicate that partition by sale would be in the best interest of all parties or that partition in kind was impossible.
This Court, in addressing the above issue, has stated many times that the law governing partition of property requires that the party seeking to have the sale of land must bring his case clearly within the provisions of Mississippi Code Annotated section 11-21-11 (1972).[1]
In commenting on the burden of proof, this Court in Cox v. Kyle, 75 Miss. 667, 23 So. 518 (1898), as reaffirmed by Burley v. Kuykendall, 349 So.2d 1036 (Miss. 1977), stated:
The common law gave to joint owners of land a right to have a partition in kind, and the right of selling the land and of dividing the proceeds given by the statute, is an innovation upon the common law, and as it takes away from the owner the right to keep his freehold in kind, it must be strictly pursued, and it must appear from the record that an equal division cannot be made, or that a sale of the land will better promote the interest of all parties than a partition in kind. (349 So.2d at 1037).
In Burley, supra, citing Shorter v. Lesser, 98 Miss. 706, 54 So. 155 (1910), we stated affirmatively that:
[T]he law looks with favor upon a partition in kind, and with disfavor upon a sale of lands for partition, unless it appears that an equal division cannot be made in kind, or that a sale of the lands will better promote the interest of all parties than a partition in kind. Unless these conditions are fully met, the court has not right to divest a landowner (co-tenant) of his title, over his protest, and order the sale of same. The party seeking to have the sale of the land must bring this case clearly within this statutory provision. He must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or less injurious, than an actual division. (349 So.2d at 1037).
The great majority of cases in this area have stood for the proposition that a partition in kind is preferred. See Mathis v. Quick, 271 So.2d 924 (Miss. 1973); Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963); Carter v. Ford, 241 Miss. 511, 130 So.2d 852 (1961); Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908). That preference should be jealously guarded.
After considerable research, we can only find three cases in which this Court affirmed the decree of the lower court ordering partition by sale of the property.
In Jefcoat et al. v. Powell et al., 235 Miss. 291, 108 So.2d 868 (1959), this Court found that the proof established in the lower court was overwhelming that a sale of the land and division of the proceeds would best promote the interest of all the parties. In support of this holding, the Court found that "subsequent to the death of John W. Powell, two of his children who were devisees in the will, died leaving children of their own and their share under the will descended to these children and some of them are entitled to a very small fraction of the [twenty] acres which they received and also the one-eighth interest of Mrs. Jefcoat in the entire 160 acres could not be set apart to her in a solid block because of the fact that the entire 160 acres is divided into smaller parcels which are spread over the entire 160 acres and what Mrs. Jefcoat would be entitled to is one-eighth of each of these several small parcels. Also [fifteen] acres of the land devised to Gwin Powell lie *1058 in the [forty] acres which were sold to satisfy debts, and he is entitled to a share in the 160 acres to make up for his [fifteen] acres which were sold." (235 Miss. at 300, 108 So.2d at 871).
In the case of Stern v. Great Southern Land Company, 148 Miss. 649, 114 So. 739, 740 (1927), it was there decreed that certain lands jointly owned in respect to their mineral interest could only be sold for partition. The basis for affirmance, by this Court, was that "To partition the deposits of clay, oil and minerals here involved, if feasible, it seems could only be done through an expensive protracted mining scheme inaugurated and carried out by the chancery court." The court was concerned with the fact that it was not known where such deposits were located and that their existence or location "could not be ascertained positively without an expensive mining operation which might cover months, and possibly, years." The remaining case, Albright v. Flowers et al., 52 Miss. 256 (1876), wherein this Court stated the following in reply to appellant's argument, that a sale of land could not be taken against infants, without proof that said land could not be divided in kind:
The statute, § 1829, Code of 1871, authorized an order of sale upon the report of Commissioners, appointed to make partition, that it is impossible to make partition fairly and equally, and this applies as well where some of the parties' interest in the land are infants as in other cases.
In the case at bar, however, the facts are readily distinguishable from those three holdings. Here, we have 170 acres of mostly hardwood timber interspersed with pine. There are only eight heirs-at-law, each holding a one-eighth undivided interest. Also, there are no mineral interests here involved which would require an expensive and protracted mining scheme.
The trial court appeared to be influenced somewhat by the cost that might have accrued because of a partition in kind. The commissioners reported that if the land were to be partited in kind, it would necessitate nine or more surveys at approximately $300.00 per survey and in addition it would necessitate nine or more appraisals at an approximate cost of $200.00 to $500.00 per parcel.
While cost of partition is a consideration, it is not necessarily controlling. Carter v. Ford, 241 Miss. 511, 519, 130 So.2d 852 (1961).
Further, the appellee did not put on any evidence as to why the property could not be divided and why the interest of all the parties would better be met by a sale.
The only evidence offered by the appellee in support of the sale was the testimony by Robert E.L. Bailey, Jr., who testified that the property was pine timberland with gullies running through it. On cross-examination of Mr. Bailey, the witness was asked whether, if divided from north to south into eight equal parcels, each parcel would be of approximately the same value, to which the witness responded, "I think so, yes, sir." On redirect, appellee's counsel inquired as to whether, divided from east to west, eight parcels would be of equal value, to which the witness replied, "Well, I'd say yeah."
The seven defendants in this cause did not join the appellee, so we have a situation where one individual with a one-eighth interest in the land seeks to divest the other seven cotenants of their title to the land by having it sold.
It is very difficult for us to conceive that it is impossible to partite, in kind, one-hundred and seventy acres of land, when the owners of seven-eighths interest are willing to accept their land as a single unit as is the case here.
While it is true the commissioners stated in their report to the court that in their opinion the land was not susceptible to division in kind, they failed to give any substantial reasons, based upon a recital of facts found by them to exist, why it could not be done. The facts recited fall far short of showing that the best interest of all *1059 parties will best be served by sale instead of a division in kind.
We are therefore of the opinion that the lower court was manifestly in error in ordering a sale of the 170 acres of land and directing a division of the proceeds between appellant and appellee, according to their respective interests.
We reverse the decree of the lower court as to the sale of the property and remand the case to the chancery court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] "If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests. The court may appoint a special commissioner to make the sale, and may make all proper orders to protect the rights of the parties interested. The court may decree the sale of a part of the land and the partition in kind of the residue.