601 So.2d 848 (1992)
UNKNOWN HEIRS AT LAW of Lewis BLAIR and Emma Blair, Both Deceased, Katie Allen, Susie Tyler, George Blair, Beatrice Lenear Pittman, John Blair and Marie Spraggins
v.
Henry Lewis BLAIR, Jr.
No. 89-CA-60.
Supreme Court of Mississippi.
June 3, 1992.
Michael P. Mills, Aberdeen, for appellant.
Gary Goodwin, Goodwin & Goodwin, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from the Chancery Court of Clay County, Mississippi, involving a dispute between siblings concerning the partition of a fifty-acre parcel of land they inherited as tenants in common from their parents. Appellants failed to defend, but they contend that the Chancellor nevertheless erred by decreeing a partition by sale in their absence. On appeal, they raise the following issues:
I. WHETHER A CHANCELLOR MAY ENTER AN INTERLOCUTORY DECREE OF PARTITION WHEN NO PROOF WAS HEARD BY THE CHANCELLOR ESTABLISHING THAT THE *849 DIVISION CANNOT BE MADE IN KIND?
II. WHETHER PARTY DEFENDANTS WHO TRAVEL TO THE COURT ARE ENTITLED TO RELY, TO THEIR DETRIMENT, UPON STATEMENTS MADE BY THE PLAINTIFF THAT A SUIT MAY BE DISMISSED?
III. WHETHER A DEFAULT JUDGMENT IS PROPER IN A PARTITION ACTION?

FACTS
On March 1, 1988, appellee Henry Lewis Blair, Jr., filed his complaint in the Chancery Court of Clay County, Mississippi. The following were named as resident defendants:
 John Blair and wife, Ollie Blair
 Beatrice Lanier Pittman
 Marie Spraggins
 Ethel Blair Carr[1]
The complaint also listed the following non-resident defendants:
 Katie Allen
 Susie Tyler
 George Blair
Alleging that the subject property was populated with merchantable timber, the complaint sought a partition by sale.
None of the defendants filed a response, and the matter was set for hearing on April 20, 1988. Notice to the non-resident defendants was properly published on March 11, 18, and 25, 1988. On April 20, 1988, an order was entered continuing the cause until June 15, 1988. On June 15, 1988, the hearing was again continued until August 15, 1988. On August 15, 1988, the parties convened at the Clay County Courthouse to go forward with the hearing. Counsel for the plaintiff allegedly told the defendants that Henry had decided to drop the matter, so the defendants went home. For whatever reason, counsel for the plaintiff apparently changed his mind and the hearing was held ex parte. Following the hearing, the chancellor entered an Interlocutory Decree of Partition and ordered a public sale of the subject property by special commission. Notice of Public Sale was properly published on August 19 and 26, 1988, and on September 2, 1988. On September 6, 1988, the property was sold to the highest bidder, Airline Manufacturing Co. Inc.
On September 20, 1988, defendants filed a Petition to Set Aside Interlocutory Decree of Partition and to Set Aside the Sale of Real Estate. The petition alleged that the Interlocutory Decree had been entered without a hearing to determine whether a partition in kind was impracticable or less desirable; that the plaintiff had represented to defendants on or before August 15, 1988 that he planned to "take the land out" of the suit; that the Interlocutory Decree, by issuing in the absence of defendants, violated MRCP Rule 81(d)(3)'s proscription against confessed judgments of partition; and that the non-resident defendants did not receive proper notice of the sale.
Following a hearing on September 28, 1988, the chancellor overruled the petition and entered an order confirming the sale. At the hearing, he restricted argument to the issues of whether an adversarial hearing must precede an order of partition and whether the Interlocutory Decree violated the Rule 81 prohibition against confessed judgments in partition proceedings. He allowed the defendants, however, to make a proffer of testimony concerning whether they received proper notice of the sale and concerning the plaintiff's alleged misrepresentation of his intention to terminate the suit.

LAW

I. WHETHER A CHANCELLOR MAY ENTER AN INTERLOCUTORY DECREE OF PARTITION WHEN NO PROOF WAS HEARD BY THE CHANCELLOR ESTABLISHING THAT THE DIVISION CANNOT BE MADE IN KIND?
Appellants argue that the chancellor erred by ordering a partition by sale in the absence of affirmative proof that a *850 partition by sale would best serve the interests of the parties or that partition in kind would be impracticable. Although the record does not tell us what transpired at the August 15 hearing, the record does reflect that appellants were not present in the room where the hearing occurred[2] and indicates that the chancellor entered the order on the sole basis of Henry's complaint.
According to Monaghan v. Wagner, 487 So.2d 815, 819-20 (Miss. 1986): "A partition in kind is always preferred and will be jealously guarded by this Court." See Mathis v. Quick, 271 So.2d 924, 926 (Miss. 1973) (as between partition by sale and partition in kind, the law strongly favors partition in kind). Miss. Code Ann. § 11-21-11 permits a judicial partition by sale only if the chancellor determines upon hearing:
[1] that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or
[2] if the court be satisfied that an equal division cannot be made.
Affirmative proof of at least one of these statutory requisites must affirmatively appear in the record in order for the court to decree a partition by sale. Vinson v. Johnson, 493 So.2d 947, 948 (Miss. 1986); Monaghan, 487 So.2d at 820; Mathis, 271 So.2d at 926; Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963); Dantone v. Dantone, 205 Miss. 420, 38 So.2d 908 (1949); Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908). Further, the chancellor has no authority to decree a sale unless the statutory requisites are "clearly" met and a "substantial reason" exists for choosing partition by sale over partition in kind. Shorter v. Lesser, 98 Miss. 706, 712, 54 So. 155 (1911); see Bailey v. Vaughn, 375 So.2d 1054 (Miss. 1979) (party seeking sale of land must bring his case clearly within statute and show substantial reasons why partition in kind is impracticable or inadvisable); Burley v. Kuykendall, 349 So.2d 1036, 1037 (Miss. 1977) (party seeking partition by sale "must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or less injurious, than an actual division" (emphasis added)).
The record before us contains no proof that the subject property is not susceptible to partition in kind or that partition by sale would "better promote the interest of all parties." In his attempt to show otherwise, appellee states in his brief:
The simple fact of the matter is that [the lower court] had before it at the time it entered the interlocutory order sufficient judicial notice which constitutes evidence under the Mississippi Rules of Evidence to know that a 50 acre tract of rural timber land can hardly be divided 8 equal ways. The Plaintiff plead [sic] the statutory grounds in its interlocutory decree. (R-38) Clearly the sale has been in the best interest of all concerned. The Appellants posted no supersedeas bond in this proceedings [sic], and have received their check for the proceeds! What better proof could be offered that it better promoted the interest of all concerned!
(Appellee's Brief at 8).
Even by appellee's own account, therefore, the only "proof" considered by the chancellor in decreeing a partition by sale was "judicial notice ... that a 50 acre tract of rural timber land can hardly be divided 8 equal ways." Appellee's argument is defeated by this Court's decision in Bailey v. Vaughn wherein the Court refused to uphold a chancellor's finding that 170 acres of rural timber land was not subject to an eight-way partition in kind. See Bailey, 375 So.2d at 1056.
Since Henry put on no valid proof favoring partition by sale as opposed to partition in kind, we reverse the chancellor's partition decree. On remand, the court should conduct an adversarial hearing to determine whether the sale should be confirmed or, alternatively, whether the sale should be set aside and the property parted in kind.

*851 II. WHETHER PARTY DEFENDANTS WHO TRAVEL TO THE COURT ARE ENTITLED TO RELY, TO THEIR DETRIMENT, UPON STATEMENTS MADE BY THE PLAINTIFF THAT A SUIT MAY BE DISMISSED?
Appellants charge, in essence, that the appellee tricked them into not appearing at the August 15 hearing by telling them on the day of the hearing that he was planning to drop the matter. Noting that appellants had not "filed a proceeding stating that there has been fraud acted upon this court's decree," the chancellor refused to allow appellants to go into this matter at the hearing on their Petition to Set Aside Interlocutory Decree.
The appellants' aim in raising this issue on appeal is, of course, to have the chancellor's decree set aside on grounds of fraud and to secure a new hearing. Since our ruling on the appellants' first assignment of error fulfills those objectives, we decline to address the allegations of fraud.

III. WHETHER A DEFAULT JUDGMENT IS PROPER IN A PARTITION ACTION?
This assignment has no merit since the trial court did not enter a default judgment. A default judgment is one entered without regard to the merits of the plaintiff's claim. See Bell v. City of St. Louis, 467 So.2d 657, 661 (Miss. 1985); 47 Am.Jur.2d § 1180 (1969). Here, the chancellor based his decree on the merits of the plaintiff's pleadings along with the alleged "judicial notice" of indivisibility. Though erroneous for lack of substantial evidence, the Interlocutory Decree of Partition cannot be characterized as a default judgment.

CONCLUSION
Since appellee offered no valid proof that a partition by sale is preferable to a partition in kind, the chancellor erred by decreeing a partition by sale. We reverse and remand for a hearing on whether the sale should be confirmed in light of the foregoing opinion and the authorities cited therein.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] The complaint also named Ollie Blair and Janice Washington as resident defendants. These two defendants, however, owned interests in a separate parcel which was later dropped from the suit. They owned no interest in the 50-acre tract at issue here.
[2] Appellants were not represented by counsel on or prior to September 6, 1988, the date on which the subject property was sold.