# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00057-SCT

*ROBERT ALBERT FULLER*

*v.*

*ALBERT JOHN CHIMENTO, SR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/2/2000 |
| TRIAL JUDGE: | HON. JAMES H. C. THOMAS, JR. |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BYRON STOCKSTILL |
| ATTORNEY FOR APPELLEE: | JAMES L. FARRIOR, III |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED AND REMANDED - 07/25/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/15/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal arises from an action to partite real property. The Pearl River County Chancery Court ordered that the property be sold instead of partited in kind. Because of the best interests of the parties and the particular characteristics of this property, we affirm and remand this case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 19, 1990, Robert Albert Fuller and Albert John Chimento, Sr., purchased from the General Box Company 31.3 acres[1] of real property located in Picayune, Mississippi. Situated on the property are seven buildings constructed between 1949 and 1964 and containing 145,426 square feet of gross building area.[2] Six of the buildings are constructed of tin walls and tin roofs on reinforced concrete floors. The seventh building is an office and is constructed of masonry block and asphalt shingles on a concrete slab.

¶3. In order to obtain the $130,000 purchase price for the property, Fuller obtained a $35,000 loan from Gerald Mills, and Chimento obtained a $95,000 loan from Chimento Home Builders, Inc.[3] Deeds of trust were executed in conjunction with both loans with Chimento Home Builders having a priority position. On the same day as the closing, Chimento Home Builders assigned its note and mortgage to Mohammed Esmail.

¶4. Upon default on the loan, Esmail commenced proceedings to foreclose on his deed of trust in February of 1993. Fuller filed a complaint seeking an injunction to stop a sale which the chancellor granted on March 18, 1993. Esmail thereafter assigned his note and mortgage to Chimento on December 21, 1994. Attempts were made to dissolve the March 18, 1993, injunction; however, the chancellor granted an order for temporary injunction on April 7, 1997, extending the injunction.

¶5. Fuller amended his complaint to seek a partition in kind of the subject property. Chimento, through a substituted trustee, answered and filed a counterclaim seeking a partition sale asserting, inter alia, that the property was not subject to in kind partition. An appraisal of the property indicated that the buildings are in poor condition, show apparent signs of deferred maintenance, and suffer from substantial depreciation. All three appraisers involved in this action joined in the appraisal which concluded that these improvements would be costly to repair or demolish and consequently contributed no value to the property overall.[4]

¶6. After trial, the chancellor held that Fuller and Chimento were tenants in common, each having an equal ownership interest, and that the property was not subject to partition in kind due to the configuration of the buildings and "the total inability of the parties to act in concert, cooperation or civility as to any aspect of the use, development or sale of the property . . . ." A public judicial sale was ordered with a minimum bid requirement of $85,000. Pursuant to M.R.A.P. 5, we granted permission to Fuller to file an interlocutory appeal to this Court contesting the chancellor's order of a partition sale of the property.

## STANDARD OF REVIEW

¶7. On appeal, we will not disturb a chancellor's findings of fact unless those findings are manifestly wrong or clearly erroneous. *Consolidated Pipe & Supply Co. v. Colter*, 735 So. 2d 958, 961 (Miss. 1999) (citing *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994)). However, regarding questions of law, we apply the de novo standard of review. *Rawls v. Parker*, 602 So. 2d 1164, 1167-68 (Miss. 1992) (citing *Planters Bank & Trust Co. v. Sklar*, 555 So. 2d 1024, 1028 (Miss. 1990)).

## DISCUSSION

### I. WHETHER THE CHANCERY COURT ERRED IN FINDING THAT THE SUBJECT PROPERTY WAS NOT SUBJECT TO PARTITION IN KIND.

¶8. A partition in kind is the preferred method of partition of property under Mississippi law. *Overstreet v. Overstreet*, 692 So. 2d 88, 91 (Miss. 1997); *Shaw v. Shaw*, 603 So. 2d 287, 290 (Miss. 1992); *Unknown Heirs at Law of Blair v. Blair*, 601 So. 2d 848, 850 (Miss. 1992); *Monaghan v. Wagner*, 487 So. 2d 815, 820 (Miss. 1986); *Bailey v. Vaughn*, 375 So. 2d 1054, 1057 (Miss. 1979); *Mathis v. Quick*, 271 So. 2d 924, 926 (Miss. 1973); *Dailey v. Houston*, 246 Miss. 667, 151 So. 2d 919, 926 (1963); *Carter v. Ford*, 241 Miss. 511, 130 So. 2d 852, 854 (1961); *Blake v. St. Catherine Gravel Co.*, 218 Miss. 713, 67 So. 2d 712, 714 (1953); *Hilbun v. Hilbun*, 134 Miss. 235, 98 So. 593, 594 (1924); *Shorter v. Lesser*, 98 Miss. 706, 54 So. 155, 156 (1911); *Smith v. Stansel*, 93 Miss. 69, 46 So. 538, 539 (1908). *See also* 7 Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 60:99, at 56 (2001).

¶9. The propriety of a partition sale or partition in kind is determined on a case-by-case basis. *Wight v. Ingram-Day Lumber Co.*, 195 Miss. 823, 17 So. 2d 196, 197 (1944). To justify a partition by sale, the party seeking the sale must bring his case squarely within Miss. Code Ann. § 11-21-11 (Supp. 2001)

which states in pertinent part that

> If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests.

The use of the conjunction "or" in this statutory scheme provides for a two-prong inquiry into the propriety of a partition sale. A partition sale can be had if it will (1) "better promote the interest of all parties than a partition in kind" or (2) "if the court be satisfied that an equal division [of the land] cannot be made." *Id. See Blair*, 601 So. 2d at 850. *See also Dantone v. Dantone*, 205 Miss. 420, 38 So. 2d 908, 911 (1949); *Cox v. Kyle*, 75 Miss. 667, 23 So. 518, 519 (1898). "Affirmative proof of at least one of these statutory requirements must affirmatively appear in the record in order for the court to decree a partition by sale." *Blair,* 601 So. 2d at 850. Furthermore, a court has no right to divest a cotenant landowner of title to his property by sale over his protest unless these conditions are fully met. *Shorter*, 54 So. at 156.

¶10. The joint owner seeking a partition sale has the burden of proving that the land is not susceptible of partition in kind and that a sale is the only feasible method of division. *Overstreet*, 692 So. 2d at 90-91; *Hogue v. Armstrong*, 159 Miss. 875, 132 So. 446, 448 (1931). In the instant case, Chimento bears the burden of proving either of these elements of § 11-21-11.

¶11. The first prong to a partition sale requires that a sale "will better promote the interest of all parties than a partition in kind . . . ." Miss. Code Ann. § 11-21-11. A sale would undoubtedly be in Chimento's best interest. He has continuously sought foreclosure of the property and is seeking a sale in this case. A sale would also be in Fuller's best interest. While he contends that a sale would effectively deprive him of the facilities needed for his restaurant equipment business, an in kind partition would require him to operate his business on property where he has to share a 16,000 square foot building with someone with whom he cannot get along. The relationship between Fuller and Chimento throughout the course of their ownership and this litigation is especially worth noting. They could not even agree on the nature of their relationship when they acquired the subject property. For a while, Fuller had the only key to access the property. Foreclosure proceedings were instituted in 1993 upon default of the notes, and the litigation has continued since. Fuller used the entire property to the exclusion of Chimento and has repeatedly refused to deal with him. It is obvious from this strained relationship that partiting the property in kind would only, as the chancellor stated, "exacerbate the efforts of the parties to work out the problems created and which caused the need for the litigation, sub judice, initially." Such a situation is not contemplated by the purpose of partition in kind. Chimento satisfied his burden as to the first prong of § 11-21-11.

¶12. We do not overrule the long line of cases establishing a preference for partition in kind. The status of the presumption favoring partition in kind is in no way altered. Partition in kind is not appropriate in this case. After a partition in kind, Fuller and Chimento would be adjoining landowners with a building straddling the property line. Such a situation would be untenable given the parties' relationship and the fact that it would require continuing contact between Fuller and Chimento. As we stated in *Hall v. Wood*, 443 So. 2d 834, 838 (Miss. 1983), "[f]or these [property] rights to be meaningful, each property owner's use and enjoyment of his property must be shielded from unreasonable interference by others-these 'others' ranging from the faceless sovereign to one's next door neighbor." Either owner's plans for the split building would likely interfere with the plans of the other owner. Such a likelihood mandates sale of the subject

property.

¶13. While satisfaction of only one of the prongs of § 11-21-11 is required to justify a sale, the second prong of § 11-21-11 has likewise been satisfied. Alternatively, § 11-21-11 provides that a partition sale may be ordered states "if the court be satisfied that an equal division cannot be made . . . ." Given the configuration of the buildings and the odd shape of the property, an equal division based on acreage into two parcels of equal value cannot be made without the property line splitting one or more of the seven buildings. Fuller asserts that the property should be partited in kind based on the conclusion of the appraisers that the buildings contribute no value to the property. The buildings would contribute nothing to the overall value of the property to a potential purchaser. However, the buildings are indeed quite usable and have been utilized in Fuller's business since the property was purchased. As such, an equal division of the land by acreage without regard to the buildings as proposed by the appraisers cannot be achieved in this case.[5]

¶14. Other Mississippi cases ordering a partition by sale are fact specific and occur where, as here, it is not practical to partite in kind. *See Daughtrey v. Daughtrey*, 474 So. 2d 598 (Miss. 1985) (ordering sale of marital home); *Jefcoat v. Powell*, 235 Miss. 291, 108 So. 2d 868 (1959) (ordering sale because if the property were partited in kind, former owner's widow would receive one-eight of each of several small parcels). *See also Dunn v. BL Dev. Corp.*, 747 So. 2d 284 (Miss. Ct. App. 1999) (ordering sale because of the number of fractional interests, location of the property, and shape of the property). As in these cases, the facts of this particular case determine whether the property will be divided in kind or by sale. *See Wight*, 17 So. 2d at 197.

## CONCLUSION

¶15. We find no clear error in the chancellor's finding that the subject property is not subject to partition in kind due to the configuration of the buildings. Furthermore, the inability of Fuller and Chimento to work together requires a sale of the property. For these reasons, we affirm the chancellor's order that the subject property be partited by sale, and we remand this case for further proceedings consistent with this opinion.

¶16. **AFFIRMED AND REMANDED**.

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. A prior survey indicated that the property consisted of 28.62 acres.

2. *See* Attached Exhibit for a map of the subject property. The square footage totals of each of the seven buildings are as follows: Building One-35,000 square feet, Building Two-20,200 square feet, Building Three-18,750 square feet, Building Four-16,000 square feet, Building Five-32,500 square feet, Building Six-17,600 square feet, and Building Seven-2,376.40 square feet. Buildings One, Two, Three, Four, Five, and Six are connected by common walls. Buildings Six and Seven are detached.

3. Both parties dispute the exact nature of their relationship. Fuller asserts that Chimento was to be merely a source of financing while Chimento asserts that the two were to be partners.

4. Three court-appointed appraisers conducted the appraisal pursuant to Miss. Code Ann. § 11-21-15 (Supp. 2001). Each party selected an appraiser of their choice, and, because the parties could not agree on

one appraiser, the chancery court eventually selected a third appraiser, Fuller selected Don Ginn of Picayune, and Chimento selected Harry Hebert of Gulfport. The court appointed Gerald Collins of Hattiesburg.

5. *See* Attached Exhibit. The appraisers' line of division splits the property in half based merely on acreage and runs through Building Four.