# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00030-COA

ETHEL MOSS SIMS, FLOYD MOSS, WILL
MOSS, UNIS MOSS, LOLA MOSS, TINY MOSS,
ROBERT LEE MOSS AND JOSH MOSS

APPELLANTS

v.

A. DONALD MATHIS AND LARRY MATHIS

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 11/12/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PRIMEAUX |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | BRANDON I. DORSEY |
| ATTORNEY FOR APPELLEES: | DON O. ROGERS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | JUDGMENT OF PARTITION ENTERED FOR DIVISION IN KIND, AWARDING THE APPELLEES TWELVE ACRES OF FAMILY PROPERTY |
| DISPOSITION: | AFFIRMED - 05/24/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. In this partition-of-property case, we must determine if the chancellor erred in accepting the special master's amended report and recommendation without conducting a hearing. Finding he did not, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. On October 14, 2011, A. Donald Mathis and Larry Mathis (the Mathises) filed a complaint in the Clarke County Chancery Court to confirm title and partition approximately

sixty acres of real property. Claiming a one-fifth undivided interest in the property (twelve acres), as tenants in common, the Mathises asserted that the property was not susceptible to division in kind but should be sold and the proceeds divided. Defendants were numerous named individuals and unknown heirs of the Moss family (the Mosses). The Mosses answered the complaint, claiming that the subject property was susceptible to partition in kind. An amended complaint was filed with no changes to the relief requested, and a response to it by the Mosses followed, including a counter-complaint requesting the property be partitioned in kind, but if not equitably possible, partitioned by sale.

¶3. The chancellor entered an agreed order for the appointment of a special master under Mississippi Code Annotated section 11-21-15 (Rev. 2004). In September 2013, the special master filed his report and requested a conference with the chancery court. The conference was noticed for September 26, 2013, but no information was entered on the docket for that date. Further, no objection to the special master's report was ever filed by either party.

¶4. For eleven months, there was no court activity on the case. Then, on August 4, 2014, the Mathises filed a motion to divide the property in kind. Counsel for the Mathises scheduled a hearing for the motion on August 14, but on August 12, 2014, it was rescheduled for September 25, 2014. However, on September 25, the parties signed an agreed order continuing the hearing until November 12, 2014.

¶5. In October 2014, the special master filed an amended report, and also noticed a hearing for November 12, 2014. The special master generally agreed with the recommendations in the Mathises' motion to divide the property. He found the Mathises

owned an undivided one-fifth interest in the property, which should be allocated to them in kind by twelve acres on the eastern side of the tract adjoining other Mathis-owned property. He also found the majority of the Mosses wanted to keep their four-fifths undivided interest in common on the remaining forty-eight-acre tract.

¶6.     On November 12, 2014, the chancery court entered a "Judgment of Partition and Directions," adopting the special master's amended report for dividing the property in kind. Counsel for the Mosses did not appear at the hearing on November 12; his signature block on the judgment stated: "DID NOT APPEAR." The Mosses appealed, claiming their due-process rights were violated for lack of a hearing.

## STANDARD OF REVIEW

¶7.     For property-partition cases, the standard of review is whether the appellate court finds manifest error in the chancellor's decision. If so, the court will reverse the chancellor's findings. *Georgian v. Harrington*, 990 So. 2d 813, 815-16 (¶7) (Miss. Ct. App. 2008) (citations omitted). Questions of law are reviewed de novo. *Fuller v. Chimento*, 824 So. 2d 599, 601 (¶7) (Miss. 2002).

## ANALYSIS

¶8.     The Mosses raise only one issue: whether the chancellor committed manifest error in accepting the special master's amended report without a hearing. The Mosses claim they had objections to the report, which were never allowed to be heard; therefore, their due-process rights were violated. However, this argument is without merit. The Mosses never filed an objection to either of the special master's reports; therefore, they were not entitled

3

to a hearing. Regardless, several hearings on both reports were noticed to the parties, and at the final hearing, the Mosses' counsel did not appear. Finally, the amended report was consistent with the requests the parties made in their pleadings.

¶9.     Property-partition cases are generally governed by Mississippi Code Annotated sections 11-21-1 through -45 (Rev. 2004). Partition in kind is the preferred method of partitioning property in Mississippi. *Fuller*, 824 So. 2d at 601 (¶8) (citations omitted). The propriety of partitioning property by sale or in kind is determined on a case-by-case basis. *Id.* at (¶9).

¶10.    Regarding hearings on partition cases, a chancellor is not required to conduct a hearing on objections to the special commissioners'[1] report when the landowners do not submit their objections in the form of a motion and do not notice or request a hearing. *Miles v. Miles*, 949 So. 2d 774, 779 (¶18) (Miss. Ct. App. 2006). Alternatively, Mississippi Rule of Civil Procedure 53(g)(2) suggests that a chancellor must conduct a hearing when a party does submit objections in the form of a motion and complies with the rules of notice for hearings. *Id.* For the procedure on the report's acceptance and objections, Rule 53(g)(2) states:

> The court shall accept the master's findings of fact unless manifestly wrong. Within ten days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as provided by Rule 6(d). The court after hearing may

---

[1] In *Miles*, "special commissioners" were appointed, which is the term the Mississippi partition statutes use, but here, the pleadings and the chancellor refer to a "special master." Mississippi Rule of Civil Procedure 53(a) states the word "master" of the court includes "special commissioner."

adopt the report or modify it or may reject it in whole or in any part or may receive further evidence or may recommit it with instructions.

The *Miles* court clarified that it does "not suggest a party to a partition action has no right to a hearing," but rather, "a party has a right to a hearing on their objections to a special commissioners' report where the party that seeks the hearing follows the requirements set forth in Rules 53(g)(2)" and other related procedural rules. *Miles*, 949 So. 2d at 780 (¶21).

¶11. The Mosses' argument follows the plaintiff/appellants' argument in *Miles* very closely, even though this Court rejected that argument and affirmed the chancellor's partition order, finding no violation of the appellants' due-process rights because of the chancellor's failure to conduct a hearing. *See id.* Additionally, *Miles* is distinguishable from this case because in *Miles* the chancellor did not have a hearing at all, as the plaintiffs "did not follow the necessary procedural requirements to even place the chancellor on notice that they desired a hearing." *Id.* Here, several hearings were noticed, and one was held, but the Mosses never objected to the report.

¶12. The Mosses concede that Mississippi partition statutes – specifically section 11-21-25 – do not require a chancellor to conduct a hearing on the merits.[2] *See Miles*, 949 So. 2d at 779 (¶17). Like the appellants in *Miles*, the Mosses cite to Rule 53(g)(2) as authority for

---

[2] Section 11-21-25, on the report by the special commissioners, reads in pertinent part:

> The special commissioners shall make to the court . . . a full report, in writing, of their proceedings, which, on exceptions filed at any time before its confirmation, for good cause shown may be set aside by the court . . . or the same special commissioners may be directed to make a new partition; or the partition may be modified by the court in any particular, and be confirmed as thus modified.

their argument, and that they needed a hearing in order to object to the report.  However, that is not the proper procedure.  As *Miles* explains, the chancellor is to conduct a hearing once a party submits his objections in the form of a motion, or notices a hearing.  *See Miles*, 949 So. 2d at 779 (¶18).  Here, the Mosses did not submit objections at all.

¶13.    While the Mosses maintain that they object to the report, their specific objections remain unknown.  The amended report was consistent with the parties' requests in their final pleadings.  Initially, the Mathises sued for partition by sale, and the Mosses filed a counter-complaint for partition in kind, although they did not state how they wanted the property partitioned.  Over one year later, the Mathises changed their request from a partition by sale to a partition in kind.  They filed a motion asking that the property be divided so that they would receive twelve of the sixty acres on the east side of the tract adjoining other property they own.  The special master's amended report stated that counsel for the Mosses agreed that the Mathises owned an undivided one-fifth interest in the property and agreed that the Mathises were entitled to have their interest partitioned in kind, but not by sale.  Accordingly, the Mathises were conveyed the twelve-acre parcel they requested.

¶14.    Further, from the record, the Mosses had opportunities to be heard or object to both the initial and amended reports, as several hearings were noticed,[3] but they did not do so until this appeal.  Even now, they do not state their specific objection.  On November 12, 2014, the special master and counsel for the Mathises were present, but counsel for the Mosses was not.  On the final judgment, a handwritten notation made by the court on the signature line

[3] Hearings were noticed by either the special master or counsel for the Mathises on September 26, 2013, August 14, 2014, September 25, 2014, and November 12, 2014.

for the Mosses' counsel indicated counsel "DID NOT APPEAR." The Mosses' counsel had an opportunity to appear and object but did not. Accordingly, we cannot find any violation of the Mosses' due-process rights, or manifest error in the chancellor's decision.

¶15. **THE JUDGMENT OF THE CHANCERY COURT OF CLARKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**